Per Curiam.

The assignment of errors in this case was filed in December, 1838. The citatioh'in error was served on the defendant on the 16th of January, 1839. The defendant has'not joined in error, or otherwise answered the errors assigned, and the plaintiff now asks the court for a judgment on .this default, reversing the original judgment in the court below. The rule of this court requires the defendant to file his joinder in error •within two days after the assignment of errors, but makes no provision for a default of the defendant. It appears from the case of Apie v. Calgrove, 19 J. R. 125, that it is now the practice in New York to allow the default to be taken after the expiration of the rule to join in error; after which a further rule may be taken-for judgment of reversal. The practice in England is to set the errors down for hearing ex parte when default has thus been made. And such was the practice at one time in New York. The case in New York is only an authority for a further rule in this case, for the defendant to show cause by a given day why judgment of reversal shall, not bé entered. Having no fixed practice on this subject in this court, we feel inclined to adopt the rule of the English courts; and to examine the record with a view to see how far the assignment of error is sustained by it. This rule we deem safer than the one which puts the final disposition of the cause upon the observance of a technical rule; and that it comports best with the merits of the case. The motion must therefore be overruled, and the cause stand for trial oh its place on the docket.